*In re Adoption of Rita Jean* **HARTWIG** et al., Appellants,

v.

**Franklin Lee HARTWIG, Respondent.**

No. 23015.

Kansas City Court of Appeals.

Missouri.

March 7, 1960.

Louis Wagner, Kansas City, for appellants.

Gladys J. Miniace, John C. Pohlmann, Kansas City, for respondent.

SPERRY, Commissioner.

Geneva Stroud, the maternal grandmother of Rita Jean Hartwig, an infant, and her husband, Ivan H. Stroud, filed petition seeking to adopt the infant. They will be referred to as plaintiffs. Franklin Lee Hartwig, defendant, is the father of the infant, and opposed the granting of the adoption. From a judgment dismissing the petition plaintiffs prosecute this appeal.

Plaintiffs, among other things, alleged that Rita Jean Hartwig was born December 4, 1956; that her mother was Jeanette Hartwig, deceased, the wife of defendant and daughter of plaintiff, Geneva Stroud; that Jeanette died January 28, 1958; that the child, at that time and for a long time prior thereto, had been in their care and custody; that defendant, for a period of at least one year prior to the date of the filing of the petition, had willfully abandoned and willfully neglected to provide Rita Jean with proper care and maintenance; and that plaintiffs are suitable and proper persons to become the parents of the child.

Defendant answered, denying that the child had ever been in the care and custody of plaintiffs prior to the death of the mother, January 28, 1958, or that he had ever willfully abandoned the child or failed to provide her with proper care and maintenance.

The case was, of course, tried to the Court, where the testimony of some thirteen witnesses, including that of all of the parties, was heard. The Court found that: There was no substantial evidence tending to prove that plaintiffs had had the actual, lawful care and custody of the child for a period of at least nine months prior thereto, as required by Section 453.080 RSMo 1949, V.A.M.S.; there was not substantial evidence tending to prove that defendant had willfully abandoned the child or had willfully neglected to provide her with proper care and maintenance.

■ These findings are fully supported by the testimony of both plaintiffs. Both stated that the child lived with her parents, in a home occupied by them, until January 28, 1958, when the mother was killed in an accident; that upon the birth of the child the mother brought her to plaintiff's home, from the hospital, for three weeks and then they went to the home of defendant; that, while the mother, who was in chronic ill health and had been since prior to her marriage, brought the child to plaintiff's home practically every day, they returned to the home of defendant at night; that defendant worked and paid rent on the apartment where he and his wife and daughter lived; that, after Jeanette's death, defendant and Rita, together with two children of a former marriage, lived in plaintiffs' home for several weeks and that Rita continued living there until the date of this trial; that defendant had, on various occasions, taken the child with him for visits, and bought some clothing for her at different times. That testimony, alone, was sufficient to support the Court's findings on the issues mentioned.

■ Since defendant, the only surviving parent of the child, has not consented to this adoption but vigorously opposes it, and since he has never willfully abandoned her or failed to provide her with proper care and maintenance, the Court had no power to adjudge adoption in this case. Sections 453.030, 453.040, and 453.080 RSMo 1949, V.A.M.S.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.